IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| PAULO OLIVEIRA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 6:25-CV-1133-CEM-LHP |
| | ) |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**DEFENDANT'S CONSOLIDATED ANSWER,
AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

COMES NOW, the Defendant, AMERICAN AIRLINES, INC. ("American Airlines") by counsel, pursuant to Federal Rule of Civil Procedure 12, with this Consolidated[1] Answer and Affirmative Defenses, and in support thereof, states as follows:

6:25-CV-1133-CEM-LHP

1.  Concerning the allegations of negligence by American Airlines in paragraph 1 of the Complaint, American Airlines denies the allegations. As to the remaining fact the action was originally brought in Orange County, Florida, American Airlines admits this allegation for jurisdictional purposes only. To the

---

[1] This Court ordered this case and Case No. 6:25-CV-1134-CEM-LHP consolidated. Doc. 13. For ease of reference and to avoid duplication, the responsive pleading to both parts of the consolidated case are contained herein. All sections, save the separated answers to the specific paragraphs of each complaint, apply to the entire consolidated case.

extent any remaining allegations of this paragraph are unresponded to herein, they are denied.

2. American Airlines is without knowledge concerning the allegations of paragraph 2 of the Complaint and therefore denies the same.

3. American Airlines admits the allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint constitutes a legal conclusion to which no response is required. To the extent a response is required, American Airlines denies the same.

5. American Airlines is without knowledge concerning the allegations of paragraph 5 of the Complaint and therefore denies the same.

6. American Airlines is without knowledge concerning the allegations of paragraph 6 of the Complaint and therefore denies the same.

7. American Airlines is without knowledge concerning the allegations of paragraph 7 of the Complaint and therefore denies the same.

8. American Airlines is without knowledge concerning the allegations of paragraph 8 of the Complaint and therefore denies the same.

9. American Airlines is without knowledge concerning the allegations of paragraph 9 of the Complaint and therefore denies the same.

10. Concerning paragraph 10 of the Complaint, to the same extent Plaintiff incorporates the prior allegations, American Airlines does so for the responses thereto.

11. American Airlines is without knowledge concerning the allegations of paragraph 11 of the Complaint and therefore denies the same.

12. American Airlines denies the allegations in paragraph 12 of the Complaint.

13. American Airlines is without knowledge concerning the allegations of paragraph 13 of the Complaint and therefore denies the same.

14. American Airlines denies the allegations in paragraph 14 of the Complaint.

15. American Airlines denies the allegations in paragraph 15 of the Complaint.

6:25-CV-1134-CEM-LHP

1. American Airlines is without knowledge concerning the allegations of paragraph 1 of the Complaint and therefore denies the same.

2. American Airlines is without knowledge concerning the allegations of paragraph 2 of the Complaint and therefore denies the same.

3. American Airlines is without knowledge concerning the allegations of paragraph 3 of the Complaint and therefore denies the same.

4. As to the unnumbered paragraph following paragraph 3, American Airlines denies the allegations.

***AMERICAN AIRLINES DENIES EACH AND EVERY ALLEGATION NOT EXPRESSLY ADMITTED HEREIN.***

## AFFIRMATIVE DEFENSES COMMON TO CONSOLIDATED CASE

Federal Rule of Civil Procedure 8 requires any matter constituting an avoidance or affirmative defense must be pled and a defendant may state as many separate defenses as it has, regardless of consistency. Federal Rule of Civil Procedure 12 requires in relevant part for all defenses and objections to be pled or they are waived. No defense is waived by being included in a responsive pleading. The defenses are not pled in any particular order. Accordingly, if any of the following are not deemed to be affirmative defenses, they are raised as avoidance and to alert Plaintiff of the matters upon which American Airlines relies in response to Plaintiff's claims.

1. As its First Affirmative Defense, American Airlines asserts Plaintiff has failed to state a claim upon which relief can be granted.

2. If Plaintiff sustained any damages, such were caused or contributed to by the sole or comparative negligence of Plaintiff.

3. If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of risk of Plaintiff.

4. Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct which intervened between American Airlines' acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

5. Plaintiff's alleged injuries or damages were caused, fully or partially, by intervening, interceding, or superseding events, or negligent acts or omissions

of persons, parties or entities over whom American Airlines had no legal relationship, control, or responsibility, and for whose actions or omissions American Airlines is not liable.

6. Plaintiff's alleged injuries or damages are not causally related to the events alleged in the Amended Complaint.

7. American Airlines also asserts the claims in Plaintiff's Amended Complaint are barred, in whole or in part, to the extent Plaintiff failed to mitigate his damages.

8. Even if American Airlines is found negligent, which is expressly denied, such negligence was passive or secondary, and American Airlines is not liable to Plaintiff for Plaintiff's alleged damages and injuries, if any, because of the active or primary negligence of third-parties over whom American Airlines had no control, whose negligence was not reasonably foreseeable and whose negligence was the direct and proximate cause of any of Plaintiff injuries or damages.

9. Plaintiff's Complaint, and the claims set forth in this action, are governed by the Montreal Convention (the Convention for the Unification of Certain Rules for International Carriage) as supplemented by American Airlines' applicable tariffs, tickets and conditions of carriage.

10. Plaintiff's claims must fail, in whole or in part, because American Airlines did not breach any duty of care owed to the Plaintiff.

11. American Airlines asserts the defenses of estoppel and fraud.

12.     American Airlines' liability is limited pursuant to the provisions of the Montreal Convention.  American Airlines denies liability but if Plaintiff should prevail, Plaintiff's damages cannot to exceed 121,821 Special Drawing Rights which is approximately $175,000 USD.

13.     Plaintiff's alleged damages are limited by the provisions of the Montreal Convention.

14.     The accident and damages complained of by Plaintiff were due to the ordinary risk expressly assumed by Plaintiff.

15.     In the event damages are to be awarded to Plaintiff, such damages should be reduced or offset by various benefits received under applicable law.

16.     Any damages awarded to Plaintiff must be reduced by the amount of any collateral source, including but not limited to insurance, Social Security, any employee benefit programs, the Court finds was, or will be with reasonable certainty, replaced or indemnified.  American Airlines' liability to Plaintiff must be reduced accordingly.

17.     Plaintiff's claims, as originally brought in the State of Florida

***American Airlines reserves the right to raise Additional Affirmative Defenses, or to file any additional applicable pleadings as discovery may reveal necessary or appropriate.***

## **DEMAND FOR JURY TRIAL**

American Airlines demands trial by jury for all issues so triable.

WHEREFORE, by reason of the foregoing, Defendant AMERICAN AIRLINES, INC. respectfully requests this Court enter judgment in its favor, with Plaintiff taking nothing, for such costs and fees which may be recoverable assessed against Plaintiff, and for such other relief as this Court may deem fit and proper.

                                              CHARTWELL LAW
                                              600 W. Hillsboro Blvd., Suite 605
                                              Deerfield Beach, Florida  33441
                                              Tel: (754) 227-7995
                                              Fax: (754) 212-4170

By:    */s/ E. Taylor George*
            E. TAYLOR GEORGE, ESQ.
            Florida Bar No.: 126725
            egeorge@chartwelllaw.com
            *Counsel for Defendant*
            *American Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| **PAULO OLIVEIRA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.: 6:25-CV-1133-CEM-LHP |
| | ) |
| **AMERICAN AIRLINES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on July 9, 2025, a true and correct copy of the foregoing was e-filed and has been furnished by email and other means to Paulo Oliveria, 9926 Grande Lakes Blvd., Apt 1311, Orlando, Florida 32837, paulo.adv@outlook.com.br; paulo@pailooliveiraadvogados.com.br, Plaintiff *pro se*.

CHARTWELL LAW
600 W. Hillsboro Blvd., Suite 605
Deerfield Beach, Florida 33441
Tel: (754) 227-7995
Fax: (754) 212-4170

By: */s/ E. Taylor George*
E. TAYLOR GEORGE, ESQ.
Florida Bar No.: 126725
egeorge@chartwelllaw.com
*Counsel for Defendant*
*American Airlines, Inc.*