**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAULO OLIVEIRA,

        Plaintiff,

v.                                                                        Case No:   6:25-cv-1133-CEM-LHP

AMERICAN AIRLINES, INC.,

        Defendant

---

**ORDER**

Before the Court is Plaintiff's Short-Form Motion to Compel Discovery Responses.   Doc. No. 60.   Plaintiff, proceeding *pro se*, seeks to compel Defendant to more fully respond to his First Request for Production of Documents, to include Requests for Production 1–6 and 13–16, and production of responsive medical records.   *Id.*; *see also* Doc. Nos. 60-1, 60-2.   Defendant responded to the Requests for Production, asserting relevancy, proportionality, and privacy objections for the most part, and relying on information in its initial disclosures for others.   Doc. No. 60-2.   Plaintiff requests an order compelling production of responsive documents, or if Defendant claims no responsive documents exist, a sworn declaration stating same.   Doc. No. 60, at 2.

According to the motion, Defendant opposes.   *Id.* at 3; *see also* Doc. Nos. 60-

3, 60-4.   However, Defendant has not responded to the motion, and the time for doing so has expired.   *See* Doc. No. 54 ¶ 5 (providing that opposition briefing to a discovery motion must be filed no later than five days after the motion is filed).[1] Accordingly, the Court deems the motion to be unopposed in all respects.   *See id.* (stating that failure to file a timely response *will* result in the discovery motion being deemed unopposed); *see also Weaver v. Green Sols. of Fla. LLC*, No. 6:23-cv-2059-CEM-LHP, 2024 WL 4275221, at *1 (M.D. Fla. Sept. 24, 2024) (granting motion to compel as unopposed when opposing party failed to file a timely response in accordance with Standing Discovery Order); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294804, at *1 (M.D. Fla. Apr. 19, 2019) ("The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion."); *Bercini v. City of Orlando*, No. 6:15-cv-1921-Orl-41TBS, 2016 WL 11448993, at *2 (M.D. Fla. Sept. 28, 2016) (granting in full unopposed motion to compel); *Daisy, Inc. v. Pollo*

---

[1] Plaintiff, proceeding *pro se*, files documents in paper format with the Clerk of Court.   According to the timestamp on the motion, Plaintiff filed it on March 13, 2026. Doc. No. 60.   The motion also contains a certificate of service stating it was served on Defendant on March 13, 2026.   *Id.* at 4.   Thus, Defendant's response to the motion was due by March 18, 2026.   Doc. No. 54 ¶ 5.   However, the docket reflects that the Clerk's office did not actually file the document on CM/ECF until March 16, 2026.   Accordingly, in an abundance of caution, the Court construed the response deadline as March 23, 2026. *Id.*; *see also* Fed. R. Civ. P. 6(a)(1)(C).   Defendant did not file a response by either deadline.

*Operations, Inc.*, No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed).

Upon review of the motion, and the related discovery attached, the Court finds the motion well taken, given the lack of a response.   Accordingly, it is **ORDERED** as follows:

1.    Plaintiff's Short-Form Motion to Compel Discovery Responses (Doc. No. 60) is **GRANTED**.

2.    Within **fourteen (14) days** of the date of this Order, Defendant shall serve on Plaintiff all outstanding documents in its possession, custody, or control that are responsive to Requests for Production 1–5 and 13–16, as well as responsive medical records.   To the extent that Defendant claims no responsive documents exist as to any particular request, Defendant shall provide to Plaintiff a sworn affidavit or declaration stating same by this same deadline.

3.    All objections to the discovery at issue have been waived by Defendant's failure to timely respond to the motion to compel.   *See, e.g., Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned); *Bercini*, 2016 WL 11448993, at *2 (same).

4.      **Failure to comply with this Order may result in sanctions.**   *See* **Fed. R. Civ. P. 37(b).**[2]

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff does not request an award of sanctions in his motion, *see* Fed. R. Civ. P. 37(a)(5); accordingly, the Court declines to award any further relief at this time.

- 4 -