**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAULO OLIVEIRA,

        Plaintiff,

v.                                                            Case No:   6:25-cv-1133-CEM-LHP

AMERICAN AIRLINES, INC.,

        Defendant

---

**ORDER**

Before the Court is Defendant's Motion to Set Aside Order on Motion to Compel.  Doc. No. 62.  Plaintiff responds in opposition.  Doc. No. 63.  Upon consideration, Defendant's motion (Doc. No. 62) will be **DENIED**.

The motion to set aside concerns Plaintiff's motion to compel filed against Defendant on March 13, 2026, in which Plaintiff sought to compel Defendant to more fully respond to his First Request for Production of Documents, or to serve a sworn declaration stating no responsive documents exist.  Doc. No. 60.  According to the motion, Plaintiff served it on Defendant on March 13, 2026, *id.* at 4, and Plaintiff also filed it with the Clerk of Court on that date.  However, the Clerk's office did not docket the filing in CM/ECF until March 16, 2026.

Given the filing date, and pursuant to the Standing Order on Discovery Motions, Defendant's response to the motion was due by March 18, 2026.   Doc. No. 54 ¶ 5.   Because the Clerk's office did not docket the motion until March 16, 2026, and in an abundance of caution, the Court instead construed the response deadline as March 23, 2026.   Doc. No. 61, at 2 n.1; Fed. R. Civ. P. 6(a)(1)(C).   Defendant did not timely file a response by either deadline, however.   Accordingly, on March 24, 2026, the Court granted the motion to compel as unopposed, ordered Defendant to produce all outstanding responsive documents as outlined in Plaintiff's motion by April 7, 2026, and ordered all of Defendant's objections waived.   Doc. No. 61.

Six days after the Court's Order issued, Defendant filed the above-styled motion to set aside the March 24, 2026 discovery Order.   Doc. No. 62.   According to the motion, Defendant's counsel, Edward Taylor George, Esq., "was unaware of the motion due to being fully consumed in a jury trial, and the attorney who was intended to be monitoring the cases in the undersigned's absence was unexpectedly called to active duty with the United States Navy, causing the initial motion to be missed, an event of excusable neglect."   *Id.* at 1.   As for the jury trial, counsel references *Lassen v. Dolphin Tower*, Case No. 2018-CA-002213, but does not state when the jury trial began.   *Id.* at 1–2, 4.   Counsel also does not identify the attorney called to active duty with the United States Navy.   *Id.* at 2, 3.   Defendant seeks to

- 2 -

set aside the March 24, 2026 Order under Federal Rule of Civil Procedure 60(b)(1), citing excusable neglect.  *Id.* at 2.

In response, Plaintiff argues that trial commitments, staffing issues, and failure to monitor the docket do not establish excusable neglect.  Doc. No. 63. Plaintiff also notes that Defendant is represented by counsel from a national law firm.  *Id.*

As stated above, Defendant files this motion under Rule 60(b)(1).  Doc. No. 62.  However, Rule 60(b)(1) does not apply, given that Defendant seeks to set aside a non-final discovery order.  *See, e.g.*, *Direct Components, Inc. v. Microchip USA, LLC*, No. 8:23-cv-1617-VMC-SPF, 2025 WL 3619914, at *1 (M.D. Fla. Oct. 1, 2025) ("Rule 60(b) permits the court to 'relieve a party or its legal representative from a *final* judgment, order, or proceeding' on several stated grounds.  The Court's Order, which grants in part and denies in part Plaintiff's motions to compel, is not a final order; Rule 60 does not apply." (quoting Fed. R. Civ. P. 60 (b)(1)-(6)); *Pimentel v. Strength20, LLC*, No. 2:23-cv-544-JLB-KCD, 2025 WL 712412, at *1 (M.D. Fla. Mar. 5, 2025) ("FSG moves to overturn a non-final discovery order, which makes Rule 60 irrelevant." (citations omitted)).  Accordingly, the Court construes Defendant's motion (Doc. No. 62) as a request for reconsideration.  *See, e.g.*, *Pimentel*, 2025 WL 712412, at *1 (treating Rule 60 motion related to discovery order as motion for

- 3 -

reconsideration); *Leeks v. GeoPoint Surveying, Inc.*, No. 8:19-cv-562-T-30AAS, 2020 WL 3288027, at *2 (M.D. Fla. June 18, 2020) (same).

At any rate, district courts have inherent authority to reconsider non-final orders. *See Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379–81 (11th Cir. 2024). And reconsideration of a court order is an extraordinary remedy that must be used sparingly. *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y, Dep't of Corr.*, No. 6:16-cv-2014-Orl-28GJK, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694 (citation omitted).

Here, Defendant argues only that its failure to respond to the discovery motion was excusable neglect, given his counsel's trial commitments and another attorney being called to active duty. Doc. No. 62. Neither of these bases justifies

- 4 -

reconsideration.   As to the first reason, Defendant does not provide the dates for the trial with which counsel was preoccupied, and an independent review of the docket for the listed case suggests that the trial had not yet started on the motion's filing.   As to the second, Defendant does not provide the identity of "the attorney who was intended to monitor the cases during the trial," and the Court's CM/ECF system indicates that notice of the motion's filing was sent to at least one other email address for defense counsel outside of his own, amaclaren@chartwelllaw.com. Finally, as a general matter, simply missing a deadline due to a busy schedule is not sufficient to establish excusable neglect to justify reconsideration.   *See generally Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) ("[A]n attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." (citations omitted)); *see also Stallworth v. Omninet Vill., L.P.*, No. 6:16-cv-546-Orl-31DAB, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) (finding that a party's failure to timely serve discovery or respond to a motion to compel "due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief" of reconsideration).   Defendant notably provides no legal authority suggesting otherwise.

Because Defendant's motion fails to address or establish any factor warranting reconsideration, and because Defendant also fails to show excusable

neglect for the failure to respond to Plaintiff's motion to compel, Defendant's motion to set aside the March 24, 2026 discovery Order (Doc. No. 62), will be **DENIED**.  *See also Jacobs v. Hudson Real Est. Holdings, LLC*, No. 20-CIV-80911-RAR, 2021 WL 705785, at *3 (S.D. Fla. Feb. 23, 2021) (denying Rule 60(b) motion where the defendant relied on "mistake in calendaring the applicable deadlines, which came as a result of counsel's paralegal being on vacation, and counsel's juggling of responsibilities on multiple cases").

The deadlines set forth in the March 24, 2026 discovery Order stand.  *See* Doc. No. 61.

**DONE** and **ORDERED** in Orlando, Florida on April 2, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 6 -